UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

Josmyr E. Perez,
and other similarly
situated individuals,

    Plaintiff(s),

v.

USA Truck Brokers, Inc.,
Cali-Trucks Transportation Corp,
Arga Transport Inc,
John J. Medina
And Jimmy Perdomo,
individually,

    Defendants,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Josmyr E. Perez and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants USA Truck Brokers, Inc., Cali-Trucks Transportation Corp, Arga Transport Inc, John J. Medina, and Jimmy Perdomo, individually, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Josmyr E. Perez is a resident of Miami-Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act. Plaintiff's complete name is Josmyr E. Perez Maldonado.

3. Defendants USA Truck Brokers, Inc., Cali-Trucks Transportation Corp, and Arga Transport Inc are Florida Corporations having a place of business in Miami-Dade County within the jurisdiction of this Court.

4. The individual Defendants John J. Medina, and Jimmy Perdomo are the owners/partners/ and managers of USA Truck Brokers, Inc., Cali-Trucks Transportation Corp, and Arga Transport Inc. The individual Defendants operated USA Truck Brokers, Inc., Cali-Trucks Transportation Corp, and Arga Transport Inc simultaneously. These individual Defendants are the employers of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d).

5. Defendants USA Truck Brokers, Inc., Cali-Trucks Transportation Corp, and Arga Transport Inc are joint employers of Plaintiffs within the meaning of the FLSA. They also constitute a joint enterprise for the purpose of reaching the $500,000.00 threshold, which triggers enterprise coverage.

6. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

General Allegations

7. Plaintiff Josmyr E. Perez brings this cause of action as a collective action to recover from the Defendants overtime wages, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees

similarly situated to Plaintiff ("the asserted class") and who worked for Defendants during one or more weeks on or after March 2021, (the "material time") without being adequately compensated.

8. Defendants USA Truck Brokers, Inc., Cali-Trucks Transportation Corp, and Arga Transport Inc are freight transportation and trucking companies. Defendants have facilities located at 14750 NW 77th CT, Suite 200, Miami Lakes, FL 33016, where Plaintiff worked.

9. The entities performed related activities using the same employees to perform cargo transportation services, had common vendors, transferred products and materials from one place to the other, jointly created business schedules, shared employees, and managers, provided mutually supportive services, had the same owners, officers, performed unified operations, were commonly controlled, and had a common business purpose.

10. Defendant companies equally hired and fired employees, supervised and controlled Plaintiff's work schedules, and maintained employment records of Plaintiffs and other similarly situated individuals.

11. The individual Defendants John J. Medina, and Jimmy Perdomo were the owners/managers, and they supervised the day-to-day operations of both businesses. These individual Defendants acted directly in the interests of USA Truck Brokers, Inc., Cali-Trucks Transportation Corp, and Arga Transport Inc, concerning its employees, including Plaintiff and others similarly situated. Defendants John J. Medina, and Jimmy Perdomo had financial and operational control of both businesses.

12. Therefore, because the work performed by Plaintiff and other similarly-situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interests, Defendants USA Truck Brokers, Inc., Cali-Trucks Transportation Corp, and

Arga Transport Inc are a joint enterprise and joint employers of Plaintiff within the meaning of the Fair Labor Standards Act.

13. Defendants USA Truck Brokers, Inc., Cali-Trucks Transportation Corp, and Arga Transport Inc are also the joint employers of Plaintiffs and other similarly situated employees under the FLSA's broad definition of "employer" (29 USC §203 (d)), and they are jointly and severally liable for Plaintiffs' damages.

14. From now on, Defendants USA Truck Brokers, Inc., Cali-Trucks Transportation Corp, and Arga Transport Inc will be called collectively USA Truck Brokers or corporate Defendant.

15. Defendant USA Truck Brokers was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a freight transportation company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

16. Plaintiff was employed by an enterprise engaged in interstate commerce, and she was an accounting employee whose activities were closely related to the operation of an interstate transportation company. Therefore, there is individual coverage.

17. Defendants USA Truck Brokers, John J. Medina, and Jimmy Perdomo employed Plaintiff Josmyr E. Perez as a non-exempted, full-time employee from March 01, 2021, to January 06, 2021, 96 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is only 43 weeks (Previously to March 7, 2022, Plaintiff was an hourly employee and received overtime payment)

18. Plaintiff had duties as an accounting clerk.

19. From March 01, 2021, to March 6, 2022, or 53 weeks, Plaintiff was an hourly employee with a wage rate of $18.00 plus overtime hours. Plaintiff has no complaints for this period.

20. On or about March 07, 2022, Plaintiff became a salaried employee. Plaintiff continued the same schedule, and she was paid a salary of $1,000.00 weekly until the day of her termination, on or about January 06, 2023. Thus, Plaintiff worked as a salaried employee for 43 weeks.

21. While employed by Defendants as a salaried employee, Plaintiff worked five days per week, from Monday to Friday, from 8:00 AM to 5:00 PM (9 hours daily), or 45 hours. Plaintiff was not able to take bonafide lunchtime. In addition to her regular hours at the office, Plaintiff worked at home a minimum of 2 hours weekly.

22. These additional hours worked at home constitute off-the-clock-hours overtime hours that were not paid at any rate, not even at the minimum wage rate as required by law,

23. Plaintiff worked a total of 47 hours weekly, but she was not paid for overtime hours. Plaintiff received the same salary regardless of the number of hours worked.

24. Plaintiff did not clock in and out, but Defendants were in absolute control of Plaintiff's schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

25. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

26. Plaintiff was paid with checks and paystubs that did not provide accurate information about the actual number of hours worked.

27. On or about March 06, 2023, Defendants fired Plaintiff.

28. Plaintiff Josmyr E. Perez seeks to recover unpaid overtime wages for every hour worked over 40 during her relevant employment period, liquidated damages, and any other relief as allowable by law.

### Collective Action Allegations

29. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

30. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

31. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

32. Plaintiff Josmyr E. Perez re-adopts every factual allegation stated in paragraphs 1-31 above as if set out in full herein.

33. This cause of action is brought by Plaintiff Josmyr E. Perez as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2021, (the "material time") without being adequately compensated.

34. Defendants USA Truck Brokers, John J. Medina, and Jimmy Perdomo employed Plaintiff Josmyr E. Perez as a non-exempted, full-time employee from March 01, 2021, to January 06, 2021, 96 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is only 43 weeks (Previously to March 7, 2022, Plaintiff was an hourly employee and received overtime payment)

35. Plaintiff had duties as an accounting clerk.

36. From March 01, 2021, to March 6, 2022, or 53 weeks, Plaintiff was an hourly employee with a wage rate of $18.00 plus overtime hours. Plaintiff has no complaints for this period.

37. From March 07, 2022, to January 06, 2023, or 43 weeks, Plaintiff was a salaried employee. Plaintiff continued working the same schedule, and she was paid a salary of $1,000.00 weekly.

38. While employed by Defendants as a salaried employee, Plaintiff worked five days per week, from Monday to Friday, from 8:00 AM to 5:00 PM (9 hours daily), or 45 hours. Plaintiff was not able to take bonafide lunchtime. In addition to her regular hours at the office, Plaintiff worked at home a minimum of 2 hours weekly.

39. These additional hours worked at home constitute off-the-clock-hours overtime hours that were not paid at any rate, not even at the minimum wage rate as required by law,

40. Thus, Plaintiff worked a total of 47 hours weekly, but she was not paid for overtime hours. Plaintiff received the same salary regardless of the number of hours worked.

41. Plaintiff did not clock in and out, but Defendants were in absolute control of Plaintiff's schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

42. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

43. Plaintiff was paid with checks and paystubs that did not provide accurate information about the actual number of hours worked.

44. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

46. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on her recollections and her knowledge. After discovery, Plaintiff will amend her statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Three Thousand Two Hundred Two Dollars and 64/100 ($3,202.64)

    b. <u>Calculation of such wages</u>:

    Total period of employment: more than 96 weeks
    Relevant weeks of employment: 43 weeks
    Total number of hours worked: 47 hours weekly
    Total number of unpaid O/T hours: 7 O/T hours
    Salary paid: $1,000.00 weekly: 47 hours worked= $21.28
    Regular rate: $21.28 x 1.5=$31.92 O/T rate

       O/T rate: $31.92-$21.28 O/T rate paid=$10.64 O/T difference
       Half-time: $10.64 an O/T hour

    $10.64 x 7 O/T hours=$74.48 weekly x 43 weeks=$3,202.64

  c. <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid half-time overtime wages.[1]

47. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

48. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

49. At times mentioned, individual Defendants John J. Medina, and Jimmy Perdomo were, and are now, the owners/partners/and managers of USA Truck Brokers. Defendants John J. Medina, and Jimmy Perdomo were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in USA Truck Brokers' interests concerning its employees, including Plaintiff and others similarly situated. Defendants John J. Medina,

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

and Jimmy Perdomo had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

50. Defendants USA Truck Brokers, John J. Medina, and Jimmy Perdomo willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

51. Plaintiff has retained the law offices of the undersigned Attorney to represent here in this action, and he is obligated to pay a reasonable Attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Josmyr E. Perez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Josmyr E. Perez and other similarly situated individuals and against the Defendants USA Truck Brokers, John J. Medina, and Jimmy Perdomo based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Josmyr E. Perez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Josmyr E. Perez demands a trial by a jury of all issues triable as of right by a jury.

Date:  March 30, 2023

                Respectfully submitted,

        By:  **/s/ Zandro E. Palma**
             ZANDRO E. PALMA, P.A.
             Florida Bar No.: 0024031
             9100 S. Dadeland Blvd.
             Suite 1500
             Miami, FL 33156
             Telephone: (305) 446-1500
             Facsimile:  (305) 446-1502
             zep@thepalmalawgroup.com
             *Attorney for Plaintiff*